THE STATE v. MADDEN, *Appellant.*

1. **Pleading, Criminal**: INDICTMENT. An indictment which sets forth all the facts necessary to constitute an offense, as created and defined by statute, is sufficient.

2. **Criminal Law**: CONSTITUTION: MARRIAGE. The sections of the statute, (R. S., §§ 1546, 3270,) making it a misdemeanor for any one having authority to join others in marriage, to willfully fail to make return of any marriage solemnized by him to the recorder of the proper county, is not unconstitutional.

*Appeal from Ste. Genevieve Circuit Court.*—HON. J. D. FOX, Judge.

AFFIRMED.

No brief for appellant.

*D. H. McIntyre,* Attorney General, for the State.

It is not pointed out wherein the section of the statute conflicts with any provision of the State constitution, nor can anything be found in the constitution prohibiting the legislature from enacting such a law. The enactment of such legislation violates none of the inalienable rights of the citizen guaranteed by the bill of rights. "The right to regulate marriage, the age at which persons may enter into that relation, the manner in which the rites may be celebrated, and the persons between whom it may be contracted, has been assumed and exercised by every civilized and Christian nation." *State v. Jackson,* 80 Mo. 175. "There can be no doubt as to the power of every country to make laws regulating the marriage of its own subjects, to declare who may marry, how they may marry, and what shall be the legal consequences of their marrying." *Brook v. Brook,* 9 House of L. R. 223; *Francois v. State,* 9 Tex. App. 144. If the State has control over the subject of marriage to the extent indicated by the above authorities, it certainly can provide and enforce a mere police regulation,

such as that created by section 1546, *supra.* Similar enactments have been upheld elsewhere. *State v. Horsey,* 14 Ind. 186 ; *State v. Pierce,* 14 Ind. 302.

NORTON, J.—At the November term, 1880, of the circuit court of Ste. Genevieve county, defendant was indicted for failing to return a certificate of marriage to the recorder of said county. He was tried, found guilty, and fined $20, and brings the case to this court on appeal, and assigns for error, the action of the trial court in overruling a demurrer to the indictment. The grounds alleged in the demurrer are, that the facts alleged in the indictment do not charge any offense known to the law, and because the statute upon which the indictment is founded is unconstitutional and void.

Omitting the formal parts of the indictment it charges that defendant " at the county of Ste. Genevieve, on the — day of May, 1880, he being then and there a priest of the Roman Catholic church, and having authority to join others in marriage, did join in marriage William Hoffman, of the town of St. Mary, and county aforesaid, and Rosa Rozier, of said town, and did then and there unlawfully and willfully, fail, neglect and refuse to transmit to the recorder of the county of Ste. Genevieve the certificate of the marriage aforesaid."

This indictment is based upon section 1546, Revised Statutes, which is as follows: "If any person, authorized to solemnize any marriage, or whose duty it may be to make return of any marriage, shall willfully fail to make such return, or shall make a false return of any marriage, or pretended marriage, to the proper recorder      *      * such person so offending, shall be deemed guilty of a misdemeanor."

Section 3270 provides: "Every person having authority to join others in marriage, shall keep a record of all marriages solemnized before him, and, within three months, transmit a certificate of every marriage, containing

both christian names and surnames, to the recorder of the county, in which such marriage took place    *    *." It will thus be seen that said section 3270 imposes upon every one, having the authority to perform the marriage ceremony, the duty of transmitting to the recorder of the county in which the marriage takes place, a certificate of such marriage; it will, also, be seen that section 1546 makes it a misdemeanor for any person whose duty it is to make return of any marriage, to willfully fail to discharge the duty. The indictment in question sets forth all the facts necessary to constitute the offense created and defined by the above statutory provisions, and is, therefore, sufficient.

We are at a loss to perceive any grounds for the claim made that these statutes are unconstitutional.    "There can be no doubt as to the power of every country to make laws regulating the marriage of its own subjects, to declare who may marry, how they may marry, and what shall be the legal consequences of their marrying."    *Brook v. Brook*, 9 House. of L. R. 223.    "The right to regulate marriage, the age at which persons may enter into that relation, the manner in which the rites may be celebrated, and the persons between whom it may be contracted, has been assumed and exercised by every civilized and Christian nation." *State v. Jackson*, 80 Mo. 175; *State v. Pierce*, 14 Ind. 302.

While the statute law of this State authorizes certain persons to solemnize marriages, it does not require or make it obligatory upon them to do so; they may, or not, as they choose, exercise the privilege, but when they do perform the marriage ceremony, then they are required to preserve the evidence of the fact in such manner as the law provides.    We are of the opinion that the statute in question, imposing a penalty for the non-observance of those requirements, so far from being unconstitutional, is a wise and salutary one.    Judgment affirmed in which all concur.