J. B. JOHNSON, Respondent, *v*. ISAAC M. MASON, Appellant.

**November 25, 1884.**

1. REPLEVIN — AFFIDAVIT. — The affidavit required by statute, in replevin, may be made by another on behalf of the plaintiff.

2. OFFICERS — CUSTODIA LEGIS — GARNISHMENT. — Money deposited with the sheriff by the defendant in replevin to enable him to retain the property, is not in *custodia legis*, and is subject to garnishment.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

KRUM & JONAS, for the appellant.

JOHN WICKHAM, for the respondent: The money deposted with the sheriff, not having been placed there *virtute officii*, was not in *custodia legis*, but was subject to garnishment. — *Lightner* v. *Steinagel*, 33 Ill. 510–517; *Pierce* v. *Carleton*, 12 Ill. 358; *Wheeler* v. *Smith*, 11 Barb. 348; *King* v. *Moore*, 6 Ala. 160.

LEWIS, P. J., delivered the opinion of the court.

On January 30, 1882, Anak A. Rowland sued William J. Berkley in replevin for the recovery of certain personal property of the alleged value of $800. There was an order of delivery, to which the sheriff, the present defendant, made return that the defendant in replevin had deposited with him the sum of $400 to indemnify the plaintiff, and was therefore allowed to retain the property — the said sum of $400 to be held " subject to the order of court." The defendant also gave a forthcoming bond to the sheriff in the penal sum of $750, with Bowman and Robertson as his sure-

ties. Rowland afterwards moved against the sheriff as for a contempt, in failing to execute the order of delivery. In the attorney's affidavit filed with this motion, it is alleged that the replevin plaintiff had given a bond under Revised Statutes (sect. 3846), which was approved by the sheriff, but nothing of this appears elsewhere in the present record. The sheriff, having answered that the affidavit in replevin was made by a person other than the plaintiff, and that the defendant had given an indemnifying bond, together with other indemnity, was discharged from the rule against him. On March 19, 1883, an execution was issued on the present plaintiff's judgment against Berkley for $362.03, and placed in the hands of the coroner, who summoned the present defendant, sheriff, as garnishee. The garnishee answered, reciting the replevin suit and its continuing pendency, and denying any indebtedness or liability on account of the execution defendant. On November 5, 1883, judgment was rendered in the replevin suit against Berkley and his sureties. By an entry of record, the replevin plaintiff afterwards released the sureties and elected to pursue Berkley's property only.

On December 20, 1883, an order of the circuit court directed the garnishee to pay over to the present plaintiff the sum of $400, less $15, allowed him for his answer. A motion for a new trial was overruled and, on March 17th, 1884, a final judgment was rendered in favor of the plaintiff and against the garnishee, for $385 and costs.

We are not authorized to consider the attorney's affidavit in the contempt proceeding, as shown in this record, that a bond was given by the plaintiff in replevin. If there was such a bond, neither the instrument, nor its legal effect, is here authenticated as the law requires. So regarding the effect of the present record, there appears to have been a singular disregard, in the replevin suit, of plain statutory requirements. The Revised Statutes provide:

" Sect. 3846. The sheriff shall not receive or take such

property until the plaintiff shall deliver to him a bond executed by two or more sufficient securities approved by the sheriff, to the effect that they are bound to the defendant in double the value of the property stated in the affidavit, for the prosecution of the action with effect and without delay, for the return of the property to the defendant, if return thereof be adjudged, and in default ef such delivery, for the payment of the assessed value of such property, and for the payment of all damages for the taking and detention thereof, and for all costs which may accrue in the action.

"Sect. 3847. Upon such bond being executed as aforesaid, the sheriff shall receive the property, or, if the same be not delivered, shall take the property and deliver it to the plaintiff, unless, before such delivery to the plaintiff, the defendant shall, with two or more sufficient securities, to be approved by the sheriff, execute a bond to the plaintiff, etc.

"Sect. 3849. If the plaintiff shall state in the affidavit made by him, as provided by section three thousand eight hundred and forty-four, that the property was wrongfully taken, and that his right of action accrued within one year, the defendant shall not be entitled to retain such property by giving bond, as provided by section three thousand eight hundred and forty-seven, but the same shall be delivered to the plaintiff, upon his giving the bond required."

The affidavit filed for the plaintiff in the replevin suit was made in his behalf by C. C. Logan, and was, in this particular, expressly authorized by Revised Statutes (sect. 3844). It contained the statutory averments, together with others, that "said property was wrongfully taken, and that said Rowland's right of action accrued within one year." If the statute sections above copied mean anything, the sheriff was never authorized or required to take the property from the defendant, or to deliver it to the plaintiff, since it does not sufficiently appear that the plaintiff gave any bond. Nor were the conditions such as to make it proper for the sheriff to leave the property with the defendant, upon his indemni-

fying bond, or otherwise, according to section 3849. It can not make any difference that the affidavit was made by a person other than the plaintiff. Nothing appears to show that to be the policy indicated in section 3844, which gives to a plaintiff in replevin all the benefits of the action, upon an affidavit made by another in his behalf, which he would secure from an affidavit made by himself. Section 3849 expressly refers to the plaintiff's affidavit, " as provided by section three thousand eight hundred and forty-four." It would be a strained interpretation, manifestly repugnant to the legislative purpose, to limit this provision to the case of a plaintiff who makes the affidavit in person, instead of availing himself of the permission given to have it made by another in his behalf.

It results, therefore, that the sheriff's proceedings were extra-official, and not authorized by any provisions of the law governing the case. He incurred no official responsibility, as to either the plaintiff or the defendant, with respect to the $400 placed in his hands, even if a replevin bond had in fact been given by the plaintiff. No law of this state authorizes a sheriff, in his official capacity, to deliver replevined property to the defendant upon a deposit of money. Money so deposited is not in *custodia legis*, but is held by the sheriff as a mere private bailee. Whether the release by the plaintiff of the sureties in the forthcoming bond would have operated a discharge of the sheriff, in the event of his having assumed an official responsibility, need not be here inquired. Upon the facts shown by this record, the sum of $400 in the present defendant's hands was liable to garnishment under an execution against Berkley, and we can find no error in the circuit court's judgment to that effect. With the concurrence of all the judges, the judgment is affirmed.