STATE OF MISSOURI, Respondent, *v.* HENRY FUCHS, Appellant.

### April 21, 1885.

1. CRIMINAL LAW—WIFE ABANDONMENT.—In a prosecution for wife abandonment, there can be no conviction where the evidence for the prosecution shows that at the date of the information, the wife, although abandoned by the defendant, was living upon his means.

2. EVIDENCE.—In such a proceeding, the defendant can not show that since the filing of the information the wife has become immoral and dissolute.

3. APPELLATE PRACTICE.—The defendant in a criminal case will be discharged on appeal where the cause was submitted to the jury on evidence insufficient to warrant a conviction.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Reversed and the defendant discharged.*

J. M. HOLMES, for the appellant.

J. R. CLAIBORNE and JOSEPH JECKO, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was prosecuted on a criminal information for abandoning his wife without good cause, and failing, neglecting, and refusing to maintain her and provide for her, under section 1273, Revised Statutes. He was convicted, and sentenced to undergo ten days' imprisonment in jail, and to pay a fine of $500. The defendant and the prosecutrix had been married about three years, at the time of the prosecution, and he abandoned her, or they separated, about two weeks before she instituted the prosecution, and about nine weeks before the trial.

Her testimony tended to show that they had lived happily together until about four months previous to the separation, when she discovered that he was paying improper attentions to a woman named Mrs. Renninger, after which time they quarrelled frequently, and she admits that she applied to him epithets too vile to be put in a judicial opinion. His testimony on the trial tends to show that she had been in the habit of applying these epithets to him for two years before the separation; that she had assaulted him more than once in the presence of third persons; that she had driven him from his house and compelled him to sleep several nights in his shop; that she openly avowed her intention of getting rid of him; and that she finally drove him off, and packed his trunk and took it to the lower hall in the house, and delivered it to a messenger whom he had sent for it. In short, if his testimony is true, the epithets which she applied to him were of such a foul and obscene character, so insulting and degrading, that no court would have any difficulty in saying that they constituted such indignities as would give him ground for a divorce. Some of these

she admits herself. She claims, however, that she never intentionally used the vile and abusive language towards him as to which she and other witnesses testify, until she discovered that he was improperly intimate with the woman Renninger, and that the exasperation which she felt in consequence of his conduct in this regard, drove her to use such language. She watched the house of Mrs. Renninger, and claims to have seen her husband there daily, morning, noon, and night. On one occasion she testifies that she went in the house and found her husband and Mrs. Renninger drinking beer together, and that Mrs. Renninger assaulted her, beat her, and threw her down stairs, and her husband did not attempt to interfere. The next day according to his testimony, she went to his place of business, applied to him vile epithets, said she was determined to get rid of him some way, she didn't care how, struck at him with her hand, and threw a piece of iron at him.

He produced evidence tending to show that about the time of the separation, he had failed in business, and had become insolvent; but it should be said that his testimony in this regard fails to show that he was unable to obtain employment, or to contribute something towards her support. Her evidence, on the other hand, fails to show that he left her wholly without means, although it tends to show that, prior to the trial, she had supported herself by selling off furniture piece by piece; that she was then in a state of destitution and about to become a mother; yet it fails to show that she had not been supported by means furnished by him prior to the filing of the information.

Since the separation she had removed to a place on Twenty-Second street and was living up stairs with another woman. This woman, it is to be inferred, was Sarah Hyman, who had been intimate with them before their separation, and who testified as a witness for the state. The woman who resided in the lower part of the house having been called for the defendant, testified to the fact of the prosecutrix living in the rooms above her, and was

then asked what the habits of the prosecutrix had been,. and whether it was not a fact that almost every evening she left the house shortly after supper and returned at hours. varying from 12 to 2 o'clock in the morning. The inquiry was made with regard to the six weeks preceding the trial of the cause. The state objected to this evidence,. and the court sustained the objection. The objection we think was properly sustained. The information was filed on the 25th day of October, and the trial took place on the 18th day of December. This inquiry as to the wife's. conduct was directed to the six weeks preceding the trial, and therefore to a time subsequent to the date of the filing of the information. If the state had a case when the information was filed, it could not lose it by matter subsequent ; if it had no case, it could not get it by matter subsequent. Counsel for appellant contend that the offense is a continuing one. That is undoubtedly so ; but not in the sense contended for by him. The offense continues while the abandonment and failure to support continue ; but the fact that there was cause for the abandonment subsequent to the filing of the information, does not tend to establish a cause for the abandonment prior to such time. For this reason, all testimony should have been limited to a time preceding the filing of the information.

So limiting the testimony, we must come to the conclusion that the evidence in this case was not sufficient to warrant the defendant's conviction. Two elements are essential to constitute this offense : the criminal intent of abandonment without cause, and the failure and refusal to provide for the wife. The offense may be complete on the day of abandonment, provided the criminal intent to abandon her exists, and provided that she is in fact left in a state of destitution on that day. The testimony here, however, fails to show that she was left in a state of destitution. The testimony on the part of the wife is that the husband did not give her a cent *since he left her ;* but she fails to state that he left her without means ; while he states, and his testimony is uncontradicted, that a few days before he left her, he divided with

her the proceeds of some of his furniture, her share amounting to some $30 or $40. She testifies that, after her husband left her, she lived on the proceeds ·of her furniture, for all that the testimony shows, until after the information was filed. One of the witnesses for the state testifies that her husband gave her six dollars, sometime after he left her, and presumably before the information was filed ; and another witness on the part of the state testifies that the husband told her that he would give his wife six dollars a week while the ·divorce suit was pending, which was commenced after the date of the illegal abandonment.

We cannot hold that the charge of this offense is made ·out, while the wife is living on means provided by her husband. The wilful abandonment and failure to support must concur, as they are used conjunctively, and not disjunctively in the statute. The evidence for the state having been insufficient in law to make out the offense charged in the information, the defendant was entitled to a verdict of not guilty at the hands of the jury. He cannot, therefore, on well settled principles, be subjected to another trial ; but we must, by our judgment, put him in the position in which the verdict and judgment of the court below should have put him. —*State* v. *Staffens*, 16 Mo. App. 553; *State* v. *Russell*, 16 Mo. App. 16 ; *State* v. *Sellner*, 17 Mo. App. 39 ; *State* v. *Bruner*, 16 Mo. App. 274.

The judgment of the court of criminal correction is accordingly reversed and the defendant discharged. All the judges concur.