STATE OF MISSOURI, Respondent, v. FRITZ BRINKMAN, Appellant.

St. Louis Court of Appeals, April 1, 1890.

1. **Criminal Law**: ABANDONMENT OF WIFE: INFORMATION. An information, charging an abandonment of the wife and a failure to provide for her, is sufficient, if it charges the offense in the language of the statute. ( R. S. 1879, sec. 1273.)

2. ——— : ——— : ESSENTIAL ELEMENTS OF OFFENSE. To establish a case of the criminal abandonment of a wife by the husband and his failure to support her, the state must establish not only that the

husband abandoned and failed to provide for the wife, but also a criminal intent on his part to abandon his wife without good cause.

3. **Criminal Law**: APPELLATE PRACTICE. When the evidence in the trial of a criminal prosecution is insufficient in law to establish the offense charged, the defendant, on appeal, is entitled to a discharge in the appellate court.

*Appeal from St. Louis Court of Criminal Correction.*
HON. R. A. CAMPBELL, Judge.

REVERSED (*and defendant discharged*).

*Charles E. Donahue*, for the appellant.

*J. R. Claiborne*, Prosecuting Attorney, for the respondent.

BIGGS, J., delivered the opinion of the court.

The defendant was arrested, tried and convicted, upon an information filed by the assistant prosecuting attorney of the St. Louis court of criminal correction. It was charged in the information that the defendant in the city of St. Louis, on or about the first day of January, 1889, did unlawfully, without good cause, abandon his wife, and did neglect, refuse and fail to provide for her," etc. The information was drawn under section 1273 (Revised Statutes, 1879), which is as follows: "If any man shall, without good cause, abandon or desert his wife * * * and shall fail, neglect or refuse to maintain and provide for such wife, * * * he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine of not less than fifty, nor more than one thousand, dollars, or by both such fine and imprisonment," etc. The defendant was found guilty by the court and a fine of five hundred dollars was imposed. From this judgment of conviction the defendant has appealed.

No briefs have been filed on either side, hence we are left to our own research to ascertain whether any prejudicial error was committed in the trial of the cause.

The information charges the offense in the language of the statute, and the supreme court in the case of *State v. Davis*, 70 Mo. 467, decided that an indictment under this section of the statute, which adopted its language, was sufficient. We must, therefore, hold that the information is sufficient.

There was no objection to the admission or rejection of evidence, and there were no instructions asked or given, so there is nothing to complain of on that score. The only remaining question pertains to the sufficiency of the evidence to authorize a conviction. The defendant at the close of the state's case asked for his discharge upon the ground that the evidence adduced was not sufficient to establish an offense under the law. The court overruled this motion and the defendant excepted. The defendant again renewed his motion at the close of the case.

If we adhere to the doctrine declared by this court in the case of *State v. Greenup*, 30 Mo. App. 299, the conviction in this case will have to be set aside, and the defendant discharged. In the case referred to, we held that two elements were essential to constitute the offense of wife abandonment: *First*. The criminal intent to abandon without good cause. *Second*. The failure to provide for the wife. In discussing the requisite proof to establish these propositions the court said: "Evidence of a mere abandonment and a subsequent failure and refusal of support does not prove the criminal offense denounced by the statute. The state must further show that the defendant had not 'good cause' for the abandonment. The state must show this, although it involves the necessity of proving a negative. * * * Where proof of the negative is not from the nature of the case impossible, the general rule is, that the party sustaining the burden of proof must give some evidence

The State v. Brinkman.

in support of his negative averment, in order to shift the burden of proof and require an explanation from the other party."

In the present case the only witness introduced by the state was the defendant's wife. Her testimony, as preserved in the bill of exceptions, was as follows: "I am the wife of the defendant, and have been married to him over twenty years; he abandoned me about two years and seven months ago; he has not given me any support or money since the first day of January, A. D. 1889; this was in the city of St. Louis and state of Missouri."

#### CROSS-EXAMINATION.

"Q. When did you leave your husband? A. When that little child (pointing to a child) was four months old.

"Q. How old is that child now? A. Three years.

"Q. Why did you leave him? A. He would not pay anything; he would not pay the rent, nor the butcher's bill; he forced me to leave him.

"Q. Is it not a fact that you left him about ten o'clock in the morning while he was at work, and he came home to an empty house at night? A. Yes.

"Q. Have you not received money from your husband since you and he were separated? A. Yes, I received money from him up to the first of January, A. D. 1889, but not a cent since."

This was all the evidence offered by the state.

The defendant testified: "My wife left me while I was at work; I came home at night and found an empty house; the rooms bare of furniture, nothing left but a straw mattress; my wife and family gone, I knew not where.

"Q. How much do you make a week? A. Fifteen dollars."

The defendant then introduced testimony tending to prove that he paid all his bills as they matured. This was all the evidence in the case.

It is quite clear that the state failed to show by satisfactory proof that the defendant with criminal intent abandoned his wife without "a good cause." The reasons assigned by her for leaving her house were, if true, insufficient to justify her in the course pursued. According to her own statement she abandoned her husband, while he was at work, without notice or warning to him of her intentions. The only excuse given by her for such unusual conduct was that her husband failed to pay his bills. In addition to this, the bare statement was made that the defendant "forced her to leave him." Why, or in what manner, the defendant forced her to leave was left to conjecture. It devolved on the state to have the witness explain this statement, and give the facts, in order that the court might judge of its truth or falsity, and also to afford the defendant an opportunity to refute any such charge. But, aside from this, the truth of this assertion is fairly contradicted by the wife's admission that she abandoned her home during the defendant's absence, and that he had no notice whatever of her intentions. In addition she admitted that the defendant supported her for two years after she had abandoned his house and stripped it of every article of furniture. We must, therefore, hold that the assertion by the defendant's wife that he forced her to leave him, having no support in other facts and circumstances in evidence, cannot be considered as any evidence that the defendant abandoned her, without "good cause." Outside of this statement there is no evidence tending to prove that the abandonment was with criminal intent and without good cause.

Our opinion is that the court committed error in refusing to discharge the defendant, and, as the evidence was insufficient in law to make out the offense, he is entitled to his discharge in this court. In such a case it is our duty to make such judgment as the trial court

ought to have made. *State v. Fuchs*, 17 Mo. App. 458; *State v. Greenup, supra.*

The judgment of conviction in this case will, therefore, be reversed and set aside, and the defendant discharged. All the judges concurring, it is so ordered.