THE STATE OF MISSOURI, Appellant, v. JOSEPH MURPHY, Respondent.

St. Louis Court of Appeals, April 19, 1892.

1.  **Criminal Law: INFORMATIONS RUNNING IN NAME OF STATE.** An information is not invalid, because it runs in the name of the state and the county in which it is filed. The name of the county will in such case be rejected as surplusage.

2.  ———: ———: CHARGING THE OFFENSE. It will be sufficient for an information, in charging the offense, to follow the language of the statute in all cases wherein the statute individuates the offense. This rule is applied to an information charging a violation of section 3502 of the Revised Statutes, to-wit, the exhibition of a deadly weapon in a rude, angry and threatening manner, in the presence of one or more persons.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*R. F. Scott,* for appellant.

(1) The allegations in the information are in the language of the statute, and by the provisions of the same statute a pistol is a dangerous and deadly weapon, loaded or unloaded. R. S. 1889, sec. 3502; *State v. Hoffman,* 78 Mo. 256. If it is claimed that the information fails to allege that the pistol was loaded, hence was not dangerous; that is a matter to be determined by proof on trial, but is no objection to the information. *State v. Hall,* 20 Mo. App. 397; *State v. Smith,* 24 Mo. App. 413; *State v. Larkin,* 24 Mo. App. 410. The caption forms no part of the indictment. *State v. Freeman,* 21 Mo. 481; *State v. Daniels,* 66 Mo. 192; *State v. Blakely,* 83 Mo. 359. (2) The prosecution was conducted in the name of the state of Missouri, the words "county of Butler" being simply surplusage, did

not prejudice the substantial rights of the defendant. R. S. 1889, sec. 4115; *State v. Waters*, 1 Mo. App. 7; *State v. Vanzandt*, 11 Mo. 541; *State v. England*, 19 Mo. 386. The information is good. The court erred in sustaining motion to quash.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant was convicted before a justice of the peace upon an information filed against him by the prosecuting attorney under the provisions of section 3502 of the Revised Statutes of 1889, which, among other things, prohibits anyone from carrying concealed upon his person any kind of firearms, bowie-knife, dirk, dagger, slung shot or other deadly weapon, and provides that, "if any person shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner," he shall, upon conviction, be punished by a fine or imprisonment or both.

The information filed against him was as follows:

"State of Missouri, "County of Butler, v. "Joseph Murphy. } In the Justice Court before R. C. House, a Justice of the Peace for Poplar Bluff Township.

"R. F. Scott, prosecuting attorney within and for the county of Butler, in the state of Missouri, informs the court, on the complaint of Horace Brown, that Joseph Murphy, on or about the seventeenth day of May, 1891, at and in said county and state, did then and there unlawfully and wilfully exhibit in a rude, angry and threatening manner, and in the presence of one or more persons, a dangerous and deadly weapon, to-wit, a pistol, against the peace and dignity of the state.           R. F. SCOTT,
                                        "Prosecuting Attorney."

In the circuit court the defendant filed his motion to quash the information, stating as grounds of his motion that the information failed to charge the defendant with any offense as required by law, and was invalid because it did not run in the name of the state as required by the constitution and laws. This motion was sustained, and the court quashed the information and discharged the defendant. This is the error complained of by the state which appeals.

It will be seen that the charge, that the information does not run in the name of the state, is not true in point of fact. The words, county of Butler, are mere surplusage, and section 4115 of the Revised Statutes of 1889 provides that "no information shall be deemed invalid * * * for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." In *State v. England*, 19 Mo. 388, it was held that, where the name of the state was entirely omitted in the body of the information, but was contained in the marginal statement of the venue, it was a sufficient compliance with the law.

Touching the second objection it will be seen that the information follows in its charging part the language of the statute. That is sufficient in all cases where the language of the statute individuates the offense. *State v. Walker*, 24 Mo. App. 679; *State v. Fare*, 39 Mo. App. 110; *State v. Brinkman*, 40 Mo. App. 284. Section 3502 of the statutes, under which this information was filed, creates a number of separate distinct offenses, of which the offense charged is one. *State v. Smith*, 24 Mo. App. 413. The motion to quash should have been overruled.

The judgment is reversed and the cause remanded. All the judges concur.