STATE OF MISSOURI, Respondent, v. DIEDRICH BRUENING, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Criminal Law**: DESERTION AND NON-SUPPORT OF WIFE. A criminal desertion by a husband of his wife, and failure on his part to support her, is not shown, unless both a criminal intent of abandonment without cause, and a refusal and failure on his part to provide for her, are established.

2. ———: ———. The abandonment contemplated by the statute is an actual abandonment without cause; a constructive desertion—as where the husband refuses to receive or support his wife after she has left him without cause—will not suffice.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. JAMES R. CLAIBORNE, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Rassieur & Schnurmacher* for appellant.

(1) Two elements are essential to constitute the offense charged against defendant, namely, the criminal intent of abandonment, and the failure and refusal to support the wife. *State v. Fuchs*, 17 Mo. App. 458; *State v. Greenup*, 30 Mo. App. 299; *State v. Brinkman*, 40 Mo. App. 284; *State v. Broyer*, 44 Mo. App. 393. (2) In this class of cases it is not sufficient to establish mere desertion and a subsequent failure to support. Upon the state is cast the burden of proving a nega-

tive; it must show affirmatively that the abandonment was "without good cause." *State v. Greenup*, 30 Mo. App. 299, *loc. cit.* 304; *State v. Brinkman*, 40 Mo. App. 284, *loc. cit.* 286.

No brief filed by respondent.

ROMBAUER, P. J.—Section 3501 of the Revised Statutes of 1889, as far as the same bears upon the present inquiry, provides: "If any man shall, without good cause, abandon or desert his wife, and shall fail, neglect or refuse to maintain and provide for such wife, he shall, upon conviction, be punished by a fine of not less than $50."

The defendant was, under this section, informed against and was tried, convicted and sentenced to pay a fine of $50. He appeals, and assigns for error that the judgment is unsupported by substantial evidence.

The evidence adduced by the state tended to show the following facts: The prosecuting witness, who is the defendant's wife, left him some time anterior to the institution of this proceeding,—for what cause does not appear. A few days prior to the institution of this proceeding she offered to return to him and live with him as his wife again, but defendant refused to receive her back, and he also declined and refused to make any provision for her support thereafter. It did not appear *whether the defendant had made any provision for his wife at the date of separation,* nor did it appear what the cause of the first separation was. We held in *State v. Fuchs*, 17 Mo. App. 458, 461, that two elements are essential to constitute this offense, the *criminal intent* of abandonment without good cause, and the failure and refusal by the husband to provide for the wife. In *State v. Greenup*, 30 Mo. App. 299, we reaffirmed this view, adding that, since this is a criminal action, the

presumption of innocence of the misdemeanor charged attends the defendant at every stage of the trial; and, in order to sustain a conviction, the state must produce evidence showing beyond a reasonable doubt the existence of both of the elements of the crime as defined in *State v. Fuchs.* In *State v. Brinkman,* 40 Mo. App. 284, we again went over the same ground, and held, in conformity with our former ruling, that, unless the state adduced evidence that the abandonment was without good cause, or that the separation was for causes justifying the wife to leave, there could be no conviction under the statute. In the case at bar, as will be seen, the state adduced no evidence having any tendency to show good cause for the wife's departure. The only evidence on that subject is a statement made by the husband to one of the state's witnesses, that his wife left him without cause and that he would not receive her back, nor would he support her.

We are aware that it has been repeatedly and properly decided that, although a wife leaves her husband without his consent and without just cause, yet, if she returns to him sincerely repentant and requests to be taken back, and he refuses to receive or support her, she may obtain a divorce from him on the ground of desertion after the lapse of the statutory period. *Fellows v. Fellows,* 31 Me. 342; *Grove's Appeal,* 37 Pa. St. 443. This rule prevails in controversies between husband and wife, and finds support in the doctrine of constructive desertion. No criminal intent is necessary in such cases. But the controversy in the case at bar is not one between husband and wife, but between the state and the husband, and is governed by different considerations, as we have heretofore decided.

The criminal intent in these cases is essential, and, unless shown, the offense is not made out. The statute contemplates an actual abandonment without

cause, and not a constructive desertion. Nor is there any evidence in this case that the husband did not sufficiently provide for the wife when she left him, which it was incumbent upon the state to show. *State v. Fuchs, supra.*

It results from the foregoing that there is no substantial evidence to make out the offense charged. The judgment is reversed, and the defendant discharged. So ordered. All the judges concur, Judge BIGGS in the result only.