STATE OF MISSOURI, Respondent, v. ADOLPH STOCKER, Appellant.

**St. Louis Court of Appeals, May 2, 1899.**

Information: ALLEGATION: PROOF: STATUTORY CONSTRUCTION. In the case at bar it was competent to charge the offense in the language of the statute and to prove that a foreign substance was used to give the combined product the prohibited color, without naming or proving what the coloring matter was.

*Appeal from the St. Louis City Court of Criminal Correction.*—HON. DAVID MURPHY, Judge.

AFFIRMED.

CHARLES P. JOHNSON and DODGE & MULVIHILL for respondent.

The act done and that alone violates the law. The fact that oleomargarine was artificially colored by whatever means or substance and sold makes a complete offense under the statute. State v. Bockstruck, 136 Mo. 335; Haggerty v. Ice Mfg. Co., 143 Mo. 246. There was no variance between the information and proof. See Bockstruck, *supra.*

THOMAS B. HARVEY for appellant.

The proof does not sustain the allegation that the animal fat, etc., was colored "with annatto and the "compounds of

annatto and with other substances." There is no proof to sustain the allegation that the colored compound was of any "shade of genuine yellow butter." The alleged "doctor" did not qualify as an expert competent to analyze and determine the presence of the coloring matter. The verification of the information is insufficient. The allegations of the coloring effects should have been in the conjunctive *and,* and not in disjunctive *or.*

BLAND, P. J.—The information is based on section 2, page 26, Acts of 1895, which reads as follows: "No person shall combine any animal fat or vegetable oil or other substances with butter, or combine therewith or with animal fat or vegetable oil or combination of the two, or with either one, any other substance or substances whatever, any annatto or compound of the same or any other substance or substances, for the purpose or with the effect of imparting thereto a yellow color or any shade of yellow, so that such substitute shall resemble yellow or any shade of genuine yellow butter, nor introduce any such coloring matter or such substance or substances into any of the articles of which the same is composed. Provided, nothing in this act shall be construed to prohibit the use of salt and harmless coloring matter for coloring substitutes for butter manufactured for export or sale outside the state." The charging part of the information is as follows: "That Adolph Stocker, in the city of St. Louis, on the 1st day of July, 1898, did sell, keep for sale and offer for sale a certain imitation of butter, to wit: A substance which was then and there composed and compounded of animal fat, vegetable oil and other substances combined with butter, and combined with annatto and the compounds of annatto, and with other substances which were then and there used therein for the purpose and with the effect of imparting thereto a yellow color, or shade of yellow, so that the same then and there

resembled yellow or the shade of genuine yellow butter, contrary to the form of the statute," etc.

The information is in the language of the statute creating the offense, and is therefore sufficient. State v. Johnson, 93 Mo. 317; State v. Mohr, 68 Mo. 303; State v. Madden, 81 Mo. 421; State v. Adams, 108 Mo. 208; State v. Murphy, 49 Mo. App. 270; State v. Haley, 52 Mo. App. 520. It is not necessary that the information should negative the exception contained in the proviso of section 2, *supra;* this exception is a matter of defense and not a qualification of, nor exception to the offense. State v. Bockstruck, 136 Mo. 335. The evidence tended to prove that the defendant in the ordinary course of business sold a combination of animal fat with butter, which resembled genuine butter, and was colored yellow by combining it with some foreign coloring matter. Defendant was found guilty and judgment was rendered against him, from which he appealed.

Appellant's contention is that as the information charged that the coloring substance used was annatto and a compound thereof, it was incumbent on the state, to warrant a conviction, to prove the allegation as laid, and that the general allegation "and with other substances," used conjunctively with the preceding specific averment that the coloring substance used was annatto is not sufficient to let in proof that any other coloring substance was used than annatto or some combination thereof. There was no proof that the coloring substance used was annatto or any combination thereof. The chemist who made an analysis of the article testified that he was unable to testify what particular substance was used for the coloring, and that he did not undertake by his analysis to ascertain that fact. In State v. Bockstruck, *supra,* the supreme court says that "the doctrine of *ejusdem generis* is inapplicable to section 2, *supra,* that the words in the statute which immediately follow 'any annatto or compound of the same,' effectually take this clause of the section out of the operation of the rule announced in

Schuchmann's case, 133 Mo. 111, and bring it within the rule laid down in St. Louis v. Bowler, 94 Mo. 630." The court further says, that "doubtless these words immediately succeeding those just quoted were inserted for the express purpose of avoiding the necessity of proving just what substance or substances were used to impart to the mixture a yellow color, etc. Just so the substance used had that effect, it was entirely immaterial under the statute what substance was used." If it was immaterial what the substance was that produced the yellow "effect" and unnecessary to prove what it was, it was unnecessary to name or describe it in the information, and was competent to charge the offense in the language of the statute and to prove that a foreign substance was used to give the combined product the prohibited color, without naming or proving what the coloring matter was. It follows that the judgment should be affirmed, and with the concurrence of the other judges it is so ordered. All concur.