State v. Macklin.

STATE OF MISSOURI, Respondent, v. PHILIP MACK-LIN, Appellant.

### St. Louis Court of Appeals, January 2, 1901.

1. **Criminal Law**: WIFE ABANDONMENT: EVIDENCE: INTENT. To constitute the offense of wife abandonment, the abandonment must be made without good cause and with a criminal intent.

2. ———: ———: INDIGNITIES. And such indignities as would make life intolerable and authorize the granting of a divorce to the husband (in a proper suit) would be good cause for abandoning the wife.

3. ———: ———: ———: SEPARATION BY MUTUAL CONSENT. When there is a separation by mutual consent, by the express agreement of the wife, it is not abandonment, and could not be converted into abandonment by the wife's subsequent willingness to terminate the separation.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis Clark,* Judge.

REVERSED.

*Lange & Senn* and *W. R. Schery* for appellant.

(1)   The desire or willingness of the wife to terminate the   separation and resume cohabitation with the husband, where such separation occurred with the express or implied

consent of the wife, can not convert the act of the husband into an abandonment or desertion with criminal intent, contemplated by the statute, upon the husband's refusal to maintain or support her. State v. Bruening, 60 Mo. App. 51; State v. Weber, 48 Mo. App. 500. (2) It is a necessity, to establish the offense of wife abandonment, for the State to show, by the facts and circumstances attending the separation, a desertion or abandonment with criminal intent; to constitute a desertion with criminal intent the husband must desert or abandon his wife without good cause and without her consent to the separation. State v. Fuchs, 17 Mo. App. 458; State v. Greenup, 30 Mo. App. 299; State v. Brinkman, 40 Mo. App. 284. (3) Acts and idignities toward the husband, which if committed at the time would establish good cause for the desertion and abandonment, may be shown to have been previously committed by the wife, especially such acts and indignities which have been continued to the time of separation. State v. Fuchs, 17 Mo. App. 458; State v. Satchwell, 68 Mo. App. 39.

BLAND, P. J.—From a conviction of wife abandonment in the St. Louis Criminal Court defendant appealed to this court. To reverse the judgment he assigns as error the admission of improper evidence on the part of the prosecution and the rejection of competent testimony offered on his behalf, and the refusal of his demurrer to the evidence.

One Louisa Otto was permitted, over the objections of appellant, to testify that appellant was not supporting his wife, because the latter frequently borrowed money from her. This testimony was clearly incompetent, it being the expression of an opinion, and was prejudicial. The appellant offered to prove that his wife was jealous and abusive, by a witness who dated her knowledge of the fact two years back. This was rejected by the court, on the ground that it was

too remote.    Appellant then offered to prove that indignities had been offered him by his wife continuously for a period of five years and down to the date of separation, December 16, 1899.    This offer was rejected by the court, and the appellant was confined to such indignities as were offered at or near the date of separation.

To constitute the offense of wife abandonment, the abandonment must be made without good cause and with a criminal intent.    Such indignities as would make life intolerable and authorize the granting of a divorce to the husband (in a proper suit), would be good cause for abandoning the wife, and it was competent for appellant to show that his wife had offered him such indignities at any time during the continuance of their marital relation, provided they continued down to the time of the separation.    The evidence was that on account of the wife accusing him of being crazy and trying to have him arrested by the police, when he was only sick, the appellant, with the consent of his wife, separated from her, and that they divided their children between them.    This evidence is uncontradicted.    There was a separation by mutual consent, by the express agreement of the wife.    This was not abandonment and could not be converted into abandonment by the wife's subsequent willingness to terminate the separation.    State v. Bruening, 60 Mo. App. 51; State v. Weber, 48 Mo. App. l. c. 504.    The demurrer to the evidence should have been sustained.

The judgment is reversed.    All concur; Judge *Biggs* in result.