State v. Miller.

| 90 | 131 |
| 101 | 441 |

STATE OF MISSOURI, Respondent, v. CHRIST MIL-
LER, Appellant.

**St. Louis Court of Appeals, October 21, 1901.**

Criminal Law: WIFE ABANDONMENT: STATUTORY CONSTRUCTION. Under the provisions of section 1861, Revised Statutes 1899, the gist of the offense of wife abandonment on the part of the husband is the act of separation by the husband from the wife and his refusal, in connection therewith, to provide for her, and not merely his remaining away.

Appeal from St. Louis Court of Criminal Correction.—*Hon.
Willis H. Clark,* Judge.

REVERSED AND REMANDED.

No briefs furnished reporter.

GOODE, J.—This is an appeal from a conviction of the defendant for wife abandonment. The information charges the date of the offense to have been on or about the seventeenth of July, 1900, and on divers other days between that time and the filing of the complaint, which was on the seventeenth day of September, 1900. The defendant interposed the plea of a former conviction for the same offense, and the record shows that he was complained against by the assistant prosecuting attorney on the twentieth day of January of said year, for having abandoned his wife on the thirteenth day of the previous November, and on divers other days and times between that day and the filing of the complaint last mentioned. He was convicted of that charge and sentenced to the city workhouse for a term of thirty days. His confinement dated from the twentieth of February, 1900. He never returned to his wife, lived with her, nor contributed anything to the support of her or his children after the time when the original complaint was filed, to-wit: January 20, 1900.

The prosecutrix testified that she was willing to live with him and on two or three occasions requested him to do something for the children, but that he cursed her and told her to go her way and he would go his. Also, that she asked him, after the twentieth day of February, to come and live with her.

On this showing the court below overruled the plea of a former conviction, found the defendant guilty and sentenced him to the maximum punishment.

We are of the opinion that the plea of former conviction ought to have been sustained. No briefs have been submitted, but an examination of such authorities as we could find has confirmed our impression from reading the statute,

that the gist of the offense is the act of separation by the husband from the wife, and his refusal, in connection therewith, to provide for her, and not merely his remaining away. The crime consists of the abandonment or desertion of the wife and the neglect or refusal to provide for her. R. S. 1899, sec. 1861. The law conjoins the two infractions of the marital contract, and the husband must be guilty of both these acts; that is, he must have deserted the wife and must also have refused to maintain her. State v. Fuchs, 17 Mo. App. 458; State v. Greenup, 30 Mo. App. 299; State v. Weber, 48 Mo. App. 500. The language of the statute will hardly permit any other construction, and this is the view which has been taken by other courts called on to construe similar laws. The following cases are practically identical with the one at bar: State v. Dunston, 78 N. C. 418; City v. Bailey, 8 Phila. 485. Constructive desertion by refusing to live with the wife, is insufficient to constitute the crime. State v. Bruening, 60 Mo. App. 51.

As the defendant never returned to his wife after the first charge was preferred, he can not be held to have again deserted her, nor did his refusal to live with her or to furnish her means to live on, constitute another crime. The essential act of abandonment was lacking. The abandonment was committed when he first left her, and could not be committed again until he had returned to her and resumed the conjugal relation.

The judgment is, therefore, reversed and the cause remanded with an instruction to discharge the defendant. All concur.