STATE OF MISSOURI, Respondent, v. GEORGE L. TAY-
LOR, Appellant.

**St. Louis Court of Appeals, March 18, 1902.**

1. **Special Prosecuting Attorney: POWER OF COURT TO AP-
POINT: STATUTORY CONSTRUCTION.** In all criminal cases
where it is the duty of the prosecuting attorney to prosecute, the
court, having jurisdiction of the cause, is authorized by section 4955,
Revised Statutes 1899, to appoint some other attorney to prosecute
if the prosecuting attorney be interested.

2. ———: **INFORMATION, POWER OF SPECIAL PROSECUTING
ATTORNEY TO SIGN.** And in the case at bar, the appointment
by the court of Wood as special prosecuting attorney clothed him
with authority to prepare and sign the information against the
defendant, the regular prosecuting attorney, charging him with
drunkenness in office.

3. **Drunkenness in Office, What it is.** Under the first clause of sec-
tion 2334, Revised Statutes 1899, it is made an offense for an officer
to be intoxicated while in the performance of any official duty.
Under the second clause of this section the offense is committed
when the officer is found so intoxicated as to be incapacitated to
perform any official act or duty when called upon to do so.

4. ———: **STATUTORY CONSTRUCTION.** In the case at bar, the
defendant was charged with the violation of the first clause of sec-
tion 2334, Revised Statutes 1899,' and the evidence tends to prove
him guilty under that clause. This clause does not undertake to
measure the degree of intoxication necessary to constitute the
offense; it is wisely left to the jury.

5. ———: **CRIMINAL PLEADING: INSTRUCTION.** In the case at
bar, both the information and the instruction (which are set out
in the opinion), in describing the offense, follow the language of
the statute which creates the offense and are sufficient.

6. **Conviction: EFFECT OF FOR DRUNKENNESS IN OFFICE.** In
the case at bar, on the return of the verdict the court rendered
judgment against defendant in accordance hereunto and a further
judgment removing defendant from his office as prosecuting attor-
ney of Taney county and declaring the office vacant.

Appeal from Taney Circuit Court.—*Hon. Geo. W. Thornberry*, Judge.

AFFIRMED.

*McConkey, Holt, Bading, Douglas & Delaney* for appellant.

(1)   The true meaning and spirit of section 2334, Revised Statutes 1899, is to make it a crime for a public officer to be so intoxicated as to incapacitate him for the performance of his public duties.    (a) By being so intoxicated while discharging or attempting to discharge his public duties; or (b) by becoming so intoxicated while in the discharge of his public duties.    The gist of the offense is the incapacity to discharge his public duties.    (2)   The court had no authority to initiate a proceeding against the prosecuting attorney by appointing a special prosecuting attorney.    The filing of the affidavit by J. L. Morrow was not the commencement of a suit.    The court should have summoned a grand jury to investigate. And if a grand jury so summoned had found a true bill against the defendant, then the court had authority and power to appoint an attorney to sign said true bill and to prosecute said cause, which was already begun, and which was then pending. State v. Griffin, 87 Mo. 608; State v. Moxley, 102 Mo. 374; R. S. 1889, secs. 4955-4956.    (3)   The information fails to charge that the defendant was intoxicated so "as to be  incapacitated to perform" his offical duty at the time it was required of him to discharge such duty, and is bad for either of two reasons:   (a) It does not follow and is not based on the affidavit, if there be two crimes contemplated by section 2334. (b) If but one crime is intended by said section, then the information is insufficient, because it does not follow the statute.    Besides, the information charges that he became intoxicated while in the discharge of his official duties, and clearly

under such circumstances such intoxication must incapacitate him before this law is violated.

No brief for respondent.

BLAND, P. J.—At the December, 1901, term of the Taney Circuit Court, and on the sixth day of December, there was filed in the court the following affidavit:

"John L. Morrow, first being duly sworn upon oath says: That at the county of Taney and State of Missouri, on or about the twenty-seventh day of May, 1901, one George L. Taylor, being then and there duly elected and qualified prosecuting attorney within and for said Taney county, Missouri, and while in the exercise of his duties as such prosecuting attorney, did then and there become unlawfully intoxicated while in the performance of his official duty in and about the prosecution of a certain criminal case in the justice court of J. L. Morrow, a justice of the peace within and for Swan township, Taney county, Missouri, wherein the State of Missouri was plaintiff and W. J. Williams was defendant on an information filed in said court charging the said defendant with a misdemeanor, and was so intoxicated at and during the trial of said cause in said justice court, while in the performance of his official duty in the prosecution of the same as to be incapacitated and incompetent, against the peace and dignity of the State.

"J. L. MORROW.

"Subscribed and sworn to before me this fifth day of December, 1901.

"J. C. L. McKNIGHT, Notary Public."

On the filing of the affidavit the court made the following order:

"Whereas, complaint and affidavit having been filed in this court by J. L. Morrow, charging George L. Taylor prosecuting attorney of Taney county, Missouri, with drunkenness in office, and said complaint and affidavit having been examined and fully understood by the court, it is ordered by the court that said complaint and affidavit be filed by the clerk and that S. G. Wood, an attorney of this county, be and he is hereby appointed a special prosecuting attorney to investigate and prosecute said Geo. L. Taylor on said charge; to which order of the court defendant objected at the time, and said objection being overruled, defendant then and there excepted at the time; and thereupon, on the said sixth day of December, 1901, the said S. G. Wood, Esq., acting as said special prosecuting attorney, filed his information in words as follows:

"In the circuit court of Taney county, Missouri, October adjourned term, 1901.

"S. G. Wood, the duly appointed, qualified and acting prosecuting attorney within and for Taney county, Missouri, appointed by the circuit court of Taney county, Missouri, within the thirty-first judicial circuit of Missouri, to prosecute a certain action wherein the State of Missouri is plaintiff and George L. Taylor is defendant, and who prosecutes said plea on behalf of said State of Missouri, on his oath of office and on the complaint of J. L. Morrow informs the court that on or about the first day of January, 1901, at the county of Taney and State of Missouri, George L. Taylor was and thenceforward has been a public officer, to-wit, prosecuting attorney within and for the county of Taney and State of Missouri, and his term of office continues until the first day of January, 1903, and as such prosecuting attorney it became and was the duty of said George L. Taylor to represent the State of Missouri and for and on behalf of said State to prose-

cute all criminal cases, prosecutions, proceedings, informations
and indictments pending in the circuit or other courts of said
county for trial or disposition; and the said George L. Taylor
being such prosecuting attorney on or about the twenty-seventh
day of May, 1901, in a certain trial and criminal prosecution
pending before John L. Morrow, a duly qualified and acting
justice of the peace within and for Swan township, Taney
county, State aforesaid, did then and there unlawfully become
and was intoxicated while in the performance of his official
duty in and about the prosecution of a certain criminal case
in said justice court pending, wherein the State of Missouri
was plaintiff and W. J. Williams was defendant, on an infor-
mation for a misdemeanor, to-wit, wife-beating and disturbing
the peace, and was so intoxicated at and during the trial of
said cause in said justice court, and while in the performance
of his official duty in the prosecution of the same, against the
peace and dignity of the State.

(Signed)                      "S. G. WOOD,
                     "Special Prosecuting Attorney.

"Subscribed and sworn to before me this sixth day of
December, 1901.

                "J. C. JOHNSON,
                     "Clerk Circuit Court."

The cause was tried at the same term of court resulting
in a verdict of guilty and an assessment of defendant's punish-
ment at a fine of fifty dollars.

On the return of the verdict the court rendered judgment
against defendant in accordance therewith and a further judg-
ment removing defendant from his office as prosecuting attor-
ney of Taney county, and declaring the office vacant. After
unsuccessful motions for new trial, and in arrest of judgment,
defendant appealed.

The evidence on the part of the State is that defendant
was the duly commissioned prosecuting attorney of Taney

county and that he was acting as such; that while he was so commissioned and acting, a prosecution had been duly commenced before J. L. Morrow, a justice of the peace in and for said county, by affidavit and information, charging one W. J. Williams of an assault upon Elizabeth Williams, his wife; that the cause was set for trial on May 27, 1901; that on said day the defendant, Williams, was present in the custody of the constable and that the prosecuting witness and other witnesses for the State were also present and that the defendant was present in his official capacity to prosecute the case.

For the State the evidence further tends to prove that when the justice was ready to take the cause up for trial, he sent for the defendant to prosecute the cause; that the defendant was at a near-by restaurant in bed. He was called up and went with the messenger to the justice's office; that when he arrived there he was so intoxicated that when he undertook to enter the door of the justice's court he missed it and ran against the wall at one side, that after he got into the office he took a seat. The justice told him that he was ready to try the case. Defendant then had Williams arraigned, who entered a plea of not guilty. Defendant then ordered the witnesses called. The justice then asked him to proceed with the case, but he was so stupid from intoxication that he was unable to proceed and for this reason the justice dismissed the cause and discharged defendant.

There was countervailing evidence offered by the defendant tending to prove that he was not intoxicated; that he had investigated the case and ascertained that Elizabeth Williams had not been abused by her husband and that she declared she would not testify against him, and that the justice dismissed the case on his own motion.

There was abundant evidence on the part of the State to warrant the conviction and there was evidence on the part of defendant to have justified his acquittal, had the jury

believed his witnesses. It was the peculiar province of the jury to judge of the credibility of the witnesses and to draw a correct conclusion from all the evidence. That conclusion was expressed by the verdict of the jury and is binding on this court when supported by any substantial evidence; such evidence is found in the record.

Defendant duly objected and excepted to the order of the court appointing Wood as special prosecuting attorney after Morrow's affidavit was filed. His contention is that the court had no authority to *initiate* the prosecution. The answer to this contention is that the court did not initiate the prosecution. The initiatory step in the prosecution was taken when the affidavit of Morrow was filed charging defendant with drunkenness in office. In all criminal cases where it is the duty of the prosecuting attorney to prosecute, the court, having jurisdiction of the cause, is authorized by section 4955, Revised Statutes 1899, to appoint some other attorney to prosecute if the prosecuting attorney be interested. In State v. Moxley, 102 Mo. 374, it was held by the Supreme Court in construing the above section that an attorney appointed under its provisions as prosecuting attorney pro tem. was clothed with the authority to sign bills of indictment. By parity of reason we think the appointment of Wood as special prosecuting attorney clothed him with authority to prepare and sign the information against defendant. "If this be not true then," as remarked by the Supreme Court in the Moxley case, "it must be confessed that there is a very lame place in our criminal practice."

For the State the court gave the following instruction:

"The court instructs the jury that if they find and believe from the evidence beyond a reasonable doubt that on or about the twenty-seventh day of May, 1901, the defendant, being then and there the duly elected, qualified and acting prosecuting attorney within and for the county of Taney and State of Missouri, was, while in the performance of his offi-

cial duties as such prosecuting attorney, in the prosecution of a certain criminal case pending in the justice court of J. L. Morrow, wherein the State of Missouri was plaintiff and W. J. Williams defendant, at the time said cause was pending for trial, intoxicated, you will find the defendant guilty and assess his punishment at imprisonment in the county jail not exceeding six months, or by a fine of not less than fifty dollars, or by both such fine and imprisonment."

To which defendant objected and excepted and contends here very strenuously that the instruction is erroneous for the reason that the word "intoxicated," in the instructions, should have been qualified by adding the following, "so as to be incapacitated to perform his official duty."

The statute defining the offense reads as follows:

"If any public officer, whether state, county, city, town or township officer, shall be intoxicated while in the performance of any official act or duty, or shall become so intoxicated as to be incapacitated to perform any official act or duty at the time and in the manner required of him in the discharge of the duties of his office, he shall be deemed guilty of a misdemeanor in office, and punished by imprisonment in the county jail not exceeding six months, or by a fine of not less than fifty dollars, or by both such fine and imprisonment; and if there be no provisions made by law for the removal from office of such officer by impeachment, the court shall adjudge the defendant to have forfeited his office, and declare the same vacant, and the same shall be filled as provided by law for filling such vacancy: *Provided,* that no court other than the circuit or criminal court of record shall have power to adjudge any such office to be forfeited and vacant."

There are two clauses to this section. Under the first clause it is made an offense for an officer to be intoxicated while in the performance of any official duty. Under the second clause the offense is committed when the officer is

State v. Taylor.

found so intoxicated as to be incapacitated to perform any official act or duty when called upon to do so.   An officer may get drunk and not violate this section, but if he is intoxicated while performing any official duty or is found so intoxicated when called upon to perform any official act or duty as to incapacitate him to perform it, in either case he will be guilty of the violation of this statute.   The defendant was charged with the violation of the first clause of the section and the evidence tends to prove him guilty under that clause.   This clause does not undertake to measure the degree of intoxication necessary to constitute the offense; it wisely left that matter to the jury. Both the information and the instruction in describing the offense follow the language of the statute, and it is well-settled law that where a statute creates an offense it is sufficient in describing it to follow the language of the statute.   State v. Adams, 108 Mo. 208; State v. Davis, 106 Mo. 230; State v. Johnson, 93 Mo. 317; State v. Mohr, 68 Mo. 303; State v. Haley, 52 Mo. App. 520; State v. Murphy, 49 Mo. App. 270.

Some objections were made to the admission of evidence on the part of the State but no exceptions were saved to the ruling of the court on these objections.   We are, therefore, precluded from passing on the objections.

Discovering no reversible error in the record, the judgment is affirmed.   *Barclay* and *Goode, JJ.,* concur.