THE STATE, *Appellant*, v. MOHR.

**Embezzlement**: PARTNERSHIP: INDICTMENT. In an indictment under
Wag. Stat., sec. 35, p. 458, for embezzling the money of a co-part-
nership, the names of the individual partners need not be set out.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS,
Judge.

Indictment quashed for insufficient averments. State
appeals.

*J. L. Smith*, Attorney-General, with *Harding & Buller*
for the State.

.The indictment was found under Wag. Stat., sec. 35,
p. 458, for embezzling money of a co-partnership; and the
names of the individual partners is immaterial. Wag.
Stat., sec. 27, p. 1090, provides: " No indictment shall be
deemed invalid  * ·  *  for any defect or imperfection
which does not tend to the prejudice of the substantial
rights of the defendant *upon the merits*," and sec. 22, p.
1089 provides that no defect in name of any party, &c.,
shall be material unless the trial court shall find the de-
fect prejudicial. to the defendant. This implies that it must
be so found *on the trial or the merits*. The gravamen of the
offense is the embezzlement of property coming into his
hands by virtue of his employment by a co-partnership.
The question of the strict title to the property is imma-
terial. *State v. Moore*, 61 Mo. 276 ; *State v. Barker*, 64 Mo.
282; *State v. Flint*, 62 Mo. 393 ; *State v. Clarkson*, 59 Mo.
149 ; *State v. Martin*, 28 Mo. 530 ; *State v. Porter*, 26 Mo. 201 ;
*State v. Scott*, 48 Mo. 422; *Hobbs v. State*, 9 Mo. 855 ; *Mc-
Donald v. State*, 8 Mo. 283. Had the indictment described
the property as that of some person unknown, it would
have been good. *State v. Martin, supra; State v. Cortell*, 53
Mo. 124.

Respondent files no brief.

NORTON, J.—Defendant was indicted at the September term, 1877, of the Jasper county circuit court under Wag. Stat., sec. 35, p. 458. The indictment contains two counts both of which, on defendant's motion, were quashed, and judgment rendered, from which the State has appealed. The indictment in the first count alleges that defendant at, &c., being the agent and collector of a co-partnership, to-wit: Wm. C. Wilson & Bro., (and over the age of sixteen,) without the consent of said Wilson & Bro., did unlawfully and feloniously convert to his own use and embezzle the sum of $1,050 of money, the property of said Wilson & Bro., which said money came into his possession and under his control by virtue of his said agency and employment. The said count only varies from the first in charging defendant with taking, making way with, and secreting the said sum of money with intent to convert and embezzle the same to his own use.

The principal ground of objection urged to the indictment is that it does not set out the names of the persons composing the co-partnership.

The offense for which the defendant is indicted is of statutory creation, and in an indictment preferring the charge it is sufficient for the pleader to follow the language of the statute. *State v. Coulter*, 46 Mo. 565; 32 Mo. 563. This we think has been done. It is true that the indictment only alleges that defendant was the agent and collector of a co-partnership known under the name of Wm. C. Wilson & Bro., and does not set out the names of the individual partners. This is unnecessary under the phraseology of the section on which the indictment is framed. The common law rule which required the individual names of partners to be set out when property of the partnership was alleged to have been stolen, has been changed in England by express enactment of Parliament. 2 Russell on Cr., (7 Am. Ed. 1853) top page 385, side page 386.

We think the rule has been modified by Wag. Stat., sec. 27, p. 1090, which declares that " no indictment    *

\* shall be deemed invalid for any defect or imperfection which does not tend to the prejudice of the substantial rights of defendant upon the merits." We cannot perceive how the omission to state the names of the individual members of the firm of Wm. C. Wilson & Bro. could have affected the substantial rights of defendant upon the merits. It would have been no less a co-partnership in whose employ defendant was obliged to be, whether it was composed of Wm. Wilson and John Wilson, or Wm. Wilson and James Wilson. The statute defining the offense brings within the penalty of it any agent or collector of a " co-partnership," and the indictment charges the defendant with being such agent, and states the style and name of the co-partnership. This we think sufficient. In case of *People v. Ah. Sing*, 19 Cal. 598, where the property was alleged to belong to a partnership, it was held that it was unnecessary to give the names of the members composing it.

We think the court erred in sustaining the motion to quash the indictment, and will, therefore, reverse the judgment and remand the cause. All the judges concur.

REVERSED.