[No. 20567. In Bank. — January 27, 1890.]

THE  PEOPLE,  RESPONDENT,  v.  HENRY  MAHL-
MAN,  APPELLANT.

CRIMINAL LAW — EMBEZZLEMENT BY TREASURER OF ASSOCIATION — IN-
FORMATION — NAMES OF MEMBERSHIP. — An information charging the
defendant with embezzlement of funds intrusted to him as an officer, to
wit, the treasurer of a certain specifically named association, alleged to
be existing under and pursuant to the laws of the state of California, is
sufficient without stating who were the persons composing the associa-
tion.  Embezzlement by any officer of an association is punishable under
the Penal Code, without regard to the membership of the association, or
to whether the officer himself is or is not a member thereof.

ID. — CRIMINAL PLEADING — FOLLOWING LANGUAGE OF STATUTE. — An in-
formation drawn substantially in the language of the statute defining
the offense is sufficient.  The rules with relation to the framing of in-
dictments and informations are in this state purely matters of statu-
tory control, and their sufficiency is to be tested by the terms of the
statutes pertaining thereto.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*R. Percy Wright*, for Appellant.

*Attorney-General Johnson*, for Respondent.

FOOTE, C. — The defendant was convicted of the crime
of embezzlement; from the judgment rendered therein,
and an order refusing a new trial, he has appealed.

His first contention is, that the information filed
against him was defective, and did not state any offense,
in that it did not specify *the person* whose property he
had embezzled.

That part of the information material to this discus-
sion is: "The said Henry Mahlman, on or about the
thirteenth day of April, A. D. 1886, at the said city and
county of San Francisco, was an officer, to wit, the treas-
urer, of Germania Lodge No. 7, Order of Hermann Sons,

an association existing under and pursuant to the laws of the state of California, and as such officer, there then and there came and was under his control and in possession by virtue of his trust as such officer, $194.45, in lawful money of the United States. And the said Henry Mahlman, while said money and personal property was so in his possession and under his control by virtue of his trust as such officer, then and there, to wit, on or about said thirteenth day of April, 1886, at said city and county of San Francisco, did willfully, unlawfully, feloniously, and fraudulently appropriate said money and personal property to his own use, and not to a use in the due and lawful execution of his said trust, the said money and personal property then and there being the property of said association."

Section 503 of the Penal Code reads: "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."

Section 504 reads: "Every officer of this state, or of any county, city, city and county, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society, or corporation (public or private), who fraudulently appropriates to any use or purpose, not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

The information, it will be seen, is drawn substantially in the language of the statute, and is sufficient, unless, as the defendant claims, it was necessary to state who were the persons composing the association.

The rules with relation to the framing of indictments and informations are in this state purely matters of statutory control, and their sufficiency is to be tested by

the terms of the statutes pertaining thereto.  (*People* v. *Tomlinson*, 66 Cal. 344; *People* v. *Goggins*, 80 Cal. 229.)

The sections of the Penal Code just adverted to show that it was the legislative intent that "every officer, director, trustee, or agent of any association, society, or corporation (public or private)," who fraudulently appropriates money or property in his possession and under his control by virtue of his trust, to his own use, and not to a use in the due and lawful execution of his trust, shall be guilty of embezzlement.  It does not say that being an officer, if he is *a member* of the association he shall not be guilty if he commits the act denounced, but it makes no exception, and enacts a sweeping declaration that all "officers," etc., whatsoever, without any reserve, who do the acts described therein, shall be held as embezzlers and punished as such.

It is clear, therefore, that much of the argument of the appellant on this point must fall to the ground, because he claims as a reason why the persons composing the association should be named, that it might then appear that the defendant was a member of the association, an owner in part of the property or money alleged to be embezzled, and therefore could not be guilty of the crime charged, because he must, to be guilty, embezzle the money or property of a person other than himself.

The statute, we think, was intended to include just such officers as the defendant was, if he was guilty of the act charged, whether he was a member of the association or not.  And we see no necessity for framing the information in any other way than in accordance with the statute, which was done.  The association whose property he was alleged to have embezzled was *fully named*, and he was thereby accurately informed that it was the property or money of that association which he had embezzled.  This, it seems to us, was sufficient.

And this view of the matter disposes of the defendant's second contention,— that is, that the evidence showed

that he had been guilty of no offense, since, if he converted the property to his own use, he might do so without being guilty of embezzlement, because he was a member of the association, and a part owner of the money he converted.

We therefore advise that the judgment and order be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.