(55 Misc. Rep. 625)

KEYSTONE PUB. CO. v. HILL DRYER CO.

(City Court of New York, Special Term. June, 1907.)

CORPORATIONS—FOREIGN CORPORATIONS—EXECUTION — SUPPLEMENTARY PRO-
CEEDINGS.

Under Code Civ. Proc. §§ 1812, 2463, a domestic corporation or a foreign
one doing business in the state may not be proceeded against in proceed-
ing supplementary to execution, except in actions brought by or against
the people.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§
2127, 2654.]

Action by the Keystone Publishing Company against the Hill Dryer
Company. Motion by plaintiff to punish defendant for contempt for
disobeying an order in supplementary proceedings. Motion denied.

Isaac F. Russell, for plaintiff.
Paul Gorham, for defendant.

WADHAMS, J. Motion is made to punish the Hill Dryer Company,
its officers, agents, or attorney, for contempt of court in disobeying an
order heretofore granted directing their appearance for examination in
proceedings supplementary to execution against the Hill Dryer Com-
pany. The moving papers consist of an affidavit and order for ex-
amination of judgment debtor, and an affidavit setting forth the failure
of the Hill Dryer Company, its officers, agents, or attorney, to appear
upon the return day of such order. From these papers it appears that
judgment was recovered in a Municipal Court against the Hill Dryer
Company, after personal service of the summons upon and an appear-
ance by the defendant. In the affidavits of service of the orders for ex-
amination and to show cause upon this motion it is alleged that the pa-
pers were served upon J. P. Hill, the manager of the said Hill Dryer
Company, personally. Upon the return day J. P. Hill appeared special-
ly by counsel and raised the objection that the court had no jurisdic-
tion in the supplementary proceedings, that the order of the justice di-
recting appearance for examination was therefore void, and that no con-
tempt had been committed.

The judgment creditor contends that the Hill Dryer Company is a
corporation and subject to punishment for contempt. Where a contempt
is committed by a corporation, it may undoubtedly be punished by fine.
People ex rel. Mayor of N. Y. v. Pendleton, 64 N. Y. 622. But dis-
obedience is contempt only when the court has jurisdiction to make
the order. In this case the moving papers do not show either that the
judgment debtor is a corporation or that the court has jurisdiction if it
be a corporation. The mere use of the term "company" by the defend-
ant and the acknowledgment of such name by appearance in the action
does not import corporate existence. The word "company" may be
employed equally well by a corporation, a partnership, or an indi-
vidual doing business under a trade-name. The papers only show that
judgment was taken against the Hill Dryer Company, whatever the
legal entity of such judgment debtor may be, and that an order to ex-
amine was served upon one J. P. Hill, alleged by the creditor to be

the debtor's manager. But, even were it conceded that the defendant is a corporation, the facts requisite to show jurisdiction are not set forth. Proceedings supplementary to execution are not authorized when based upon judgments against domestic corporations, or against foreign corporations doing business in or having an agency in this state, except in proceedings brought by or against the people of the state. Code Civ. Proc. §§ 1812, 2463; Fitchburg Nat. Bank v. Bushwick Chemical Works, 13 Civ. Proc. R. 155. A foreign corporation not doing business in the state, nor having any business or fiscal agency therein, nor an agency for the transfer of its stock, does not come within the prohibition of the statute, and proceedings may be maintained upon a judgment against such a foreign corporation. Logan v. McCall Publishing Co., 140 N. Y. 447, 35 N. E. 655.

In the affidavit upon which the order for the examination of the judgment debtor was obtained it is alleged that execution was duly issued "to the sheriff of the county of New York, where said defendant, the Hill Dryer Company (the judgment debtor), has at the time of the commencement of this special proceeding a place for the regular transaction of business." It therefore appears that, even if the defendant be a corporation, either domestic or foreign, these proceedings are not authorized. Upon the return of this order to show cause J. P. Hill fied an affidavit setting forth:

"That he is the husband of Evelyn F. Hill who resides at Worcester, in the state of Massachusetts. That said Evelyn F. Hill has a plant for the manufacture of clothes dryers at Worcester, Mass., and that she carries on said business under the name of Hill Dryer Company. That said business is not owned or carried on by an incorporated company of that or any other name, but is owned solely by said Evelyn F. Hill as an individual. That deponent is the same person mentioned in the affidavit of Ernest M. Garbe, verified April 4, 1907, wherein it is stated that Mr. Garbe served an affidavit and order for the examination of the judgment debtor, and that he served said affidavit and order on 'Hill Dryer Company, the judgment debtor,' by delivering a copy of the same to deponent, 'manager of Hill Dryer Company.' Deponent is not and never has been manager of Hill Dryer Company, which has no existence whatever, other than as a name under which the said Evelyn F. Hill conducts her said business."

The judgment creditor contends that, if the debtor be not a corporation, then the motion should be granted directing punishment of the individual masking under the trade-name. The proofs do not warrant such an order. If Evelyn F. Hill is the defendant, there is no proof of service upon her; and if J. P. Hill is the defendant, proof of such fact must be submitted. The defendant appeared, and after contesting the action judgment was entered against the Hill Dryer Company. If such defendant is in fact a natural person, the pleadings and judgment may be amended upon proper motion, and thereafter examination of the judgment debtor duly directed and served. The proofs submitted do not show the facts necessary to sustain a motion to punish the Hill Dryer Company for contempt, whether it be a corporation or a natural person.

Motion denied.