PEOPLE, PLAINTIFF AND APPELLANT, *v.* LLAMAS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayaguez in a Prosecution for Violation of Section 471 of the Penal Code.

No. 1907.—Decided March 5, 1923.

CORPORATIONS—PLEADING—EVIDENCE. — An information for violation of section 471 of the Penal Code wherein it is alleged that the defrauded party, the South Porto Rico Sugar Company, is a corporation, is sufficient in accordance with the doctrine laid down in the case of *People* v. *Matos,* decided today; and it is not insufficient because of failure to allege therein that the corporation is legally authorized to do business in this island, or to name the State in which it is incorporated or the place where it has its office, for these are elements of evidence and not of pleading.

The facts are stated in the opinion.

*Mr. José E. Figueras, Fiscal,* for the appellant.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The information charges that the defendant sold to the South Porto Rico Sugar Company all of the sugar cane crop growing on a property belonging to him, describing it, and afterwards sold the same sugar cane crop to Avelino Cruz Toro with the intention of defrauding the said corporation.

At the trial counsel for the defendant objected to the admission of a certificate offered by the district attorney showing the registration of the charter of the South Porto Rico Sugar Company in the office of the Secretary of Porto Rico on the ground that as the information did not show that the said corporation is legally authorized to do business

in Porto Rico, or the State in which it is incorporated, or the place where it has its office, no evidence could be admitted of such matters not contained in the information. He further alleged that in the absence of such allegations the information did not state facts sufficient · to constitute a cause of action, and moved for the dismissal of the case. The court sustained the motion and dismissed the prosecution, whereupon the district attorney took the present appeal wherein the defendant has made no appearance.

Inasmuch as it is alleged in the information that the South Porto Rico Sugar Company is a corporation, the information is sufficient according to our holding of this date in the case of *People* v. *Matos, post,* page 563, and it is not rendered insufficient by the fact that it does not allege that the corporation is legally authorized to do business in this Island, or the State in which it is incorporated, or the place where it has its office, for these are matters of evidence and not of pleading. It is true that in the cases of *People* v. *Schwartz,* 32 Cal. 161, and *People* v. *Borget,* 36 Cal. 245, it was held that an information is insufficient if it does not allege the names of the persons who compose the corporation or partnership, but in the later case of *People* v. *Henry,* 77 Cal. 445, wherein it was alleged that the building where the burglary had been committed belonged to the San Diego and Coronado Water Company, in ruling on the demurrer that the information was not sufficient because it did not state whether it was a corporation or a partnership and did not give the names of the persons who composed the corporation or partnership, after referring to the two cases cited above the court held that no error was committed by the court in overruling the defendant's demurrer; and in the case of *People* v. *Mahlam,* 82 Cal. 585, it was held also that the allegation that the property belonged to Germania Lodge No. 7, Order of Hermann Sons, an association existing in accordance with the laws of California, was entirely suf-

ficient. In the case of *Stallings* v. *State*, 29 Tex. App. 220, and others cited in 18 Am. & Eng. Ann. Cases, 343, it is said that it is not necessary to plead the charter of an incorporation or the State in which it was incorporated.

Therefore, the court committed the error assigned and its decision dismissing the prosecution must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.