PEOPLE, PLAINTIFF AND APPELLANT, *v.* MATOS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in a Prosecution for Embezzlement.

No. 1863.—Decided March 5, 1923.

EMBEZZLEMENT—PLEADING—INFORMATION.—An information charging an embezzlement and alleging that the defendant appropriated and converted to his own use money belonging to Armour and Company is not sufficient, because it is not alleged that Armour and Company is a corporation or partnership.

The facts are stated in the opinion.

*Mr. José E. Figueras, Fiscal,* for the appellant.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The information in this case charged Rafael Matos Collazo with having appropriated to his own use a certain amount of money belonging to Armour & Company and received by him from Rosado & Martínez in his capacity of employee or agent of Armour & Company. This appeal was taken by the district attorney from an order of the trial court holding that the information was not sufficient because it alleged merely that the property belonged to Armour & Company.

For the commission of the crime charged in the informa-

tion it is necessary that the property appropriated by a person should belong to another person, natural or artificial, and that fact must be alleged in the information. If the property belongs to a corporation or partnership it must be so stated in order to make the information sufficient, although it does not allege the names of the persons composing the partnership, as held in the cases of *People* v. *Mahlam,* 82 Cal. 585; *State* v. *Mohr,* 68 Mo. 303; *Stallings* v. *State,* 29 Tex. App. 220; *Smith* v. *State,* 34 Tex. Crim. 265, and other cases cited in 18 Am. & Eng. Ann. Cases, 343. From the wording of the information we do not know, nor can the defendant know, whether the property belongs in this case to a natural or an artificial person, or whether in the latter case it is a corporation or a partnership, as it is not stated that Armour & Company is a corporation or a partnership, for although the word "company" generally refers to a partnership, yet it does not necessarily mean a corporation or a partnership for the reason that it may be employed by an individual doing business under a trade name, as said in the case of *Keystone Pub. Co.* v. *Hill-Dryer Co.,* 55 Misc. 627, cited in 12 C. J. 221, note 76.

The appellant does not discuss that question in the brief and only contends that the information as drawn is sufficient because the name Armour & Company shows that it is a corporation since the word "company" has been considered as equivalent to corporation in several cases cited.

The jurisprudence of the American courts is contradictory on this point, but the decisions which follow the rule pointed out by the district attorney are based mainly on the fact that the name of the company showed of itself that it was a corporation. Thus, in the case of *Mattox* v. *State,* 115 Ga. 212, 41 S. E. 709, cited in Ann. Cas. 1912 A, 969, it was held that the words "Acme Brewing Company" meant a corporation because it is not the name of an individual, because the name itself denotes a corporation and be-

cause it is of a character more appropriate for a corporation than for a partnership, though partnerships are sometimes formed under names which would be appropriate for corporations. And in the case of *St. Cecilia's Academy* v. *Hardin*, 78. Ga. 39, it is said that if the name is manifestly religious, benevolent or educational, or a similar name of charity or for the public welfare, the usual subjects of incorporation, it will denote a corporation; and that there is a difference between such names and those indicating partnerships or natural persons not the usual subjects of incorporation.

We need not decide in this case whether the doctrine which considers in certain cases the word "company" as the equivalent of "corporation" is sound, because the words "Armour & Company" used in the information do not show of themselves that it is the name of a corporation.

The decision appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.