EL PUEBLO, DEMANDANTE Y APELANTE, *v.* MATOS, ACUSADO ·Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por abuso de confianza.

No. 1863.—Resuelto en marzo 5, 1923.

ABUSO DE CONFIANZA—ACUSACIÓN INSUFICIENTE—ALEGACIÓN NECESARIA.—Una acusación por abuso de confianza en la cual se alega que el acusado se apropió, aplicándolo a su propio uso, dinero perteneciente a ''Armour and Company,'' es insuficiente, pues no alega que ''Armour and Company'' sea una corporación o sociedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José E. Figueras, Fiscal.*

Abogado del apelado: *Sr. R. Martínez Nadal.*

EL JUEZ ASOCIADO · SR. ALDREY, emitió la opinión del tribunal.

La acusación en este caso imputó a Rafael Matos Collazo que se apropió, aplicándola a su propio uso, cierta cantidad de dinero propiedad de ''Armour and Company,'' que recibió de Rosado & Martínez, en su carácter de empleado o agente de ''Armour and Company,'' quienes se la confiaron; y se ha establecido esta apelación por el fiscal contra resolución del tribunal inferior que declaró no ser suficiente la acusación porque alega simplemente que la propiedad pertenece a ''Armour and Company.''

Para que exista el delito imputado en la acusación es necesario que los bienes apropiados por una persona pertenezcan a otra persona, natural o jurídica, por lo que tal ex-

tremo debe ser alegado en la acusación; y cuando la propie-
dad pertenece a una corporación o sociedad, debe decirse así
para que la acusación sea suficiente, aunque no alegue los
nombres de las personas que forman la sociedad, según se de
claró en el caso de *People* v. *Malhman,* 82 Cal. 585; *State*
v. *Mohr,* 68 Mo. 303; *Stallings* v. *State,* 29 Tex. App. 220;
*Smith* v. *State,* 34 Tex. Crim. 265, y otros citados en Am.
& Eng. Ann. Cases, Vol. 18 pág. 343. Por las palabras de
la acusación no sabemos, ni puede saber el acusado, si la pro-
piedad pertenece en este caso a una persona natural o jurí-
dica, ni si ésta es una corporación o una sociedad, ya que no
dice que Armour and Company sea una corporación o una
sociedad, pues aunque la palabra "compañía" denota gene-
ralmente una sociedad, sin embargo, no significa necesaria-
mente la existencia de una corporación o sociedad, pues puede
ser usada por un individuo haciendo negocios bajo un nom-
bre comercial, según se dijo en el caso de *Keystone Pub. Co.,*
v. *Hill Dryer Co.* 55 Misc. 627, citado en 12 C. J. pág. 221,
nota 76.

El apelante no trata esa cuestión en su alegato y se li-
mita a sostener que tal como fué hecha la acusación es su-
ficiente porque las palabras "Armour and Company" de-
notan una corporación, porque la palabra "compañía" ha
sido considerada en varias sentencias que cita como equiva
lente a corporación.

La jurisprudencia de los tribunales americanos es con-
tradictoria en ese particular pero aquellos que siguen la re-
gla indicada por el fiscal se fundan principalmente en el he-
cho de que los nombres de la compañía demostraban por sí
mismos que se trataba de una corporación. Así, en el caso
de *Mattox* v. *State,* 115 Ga. 212, 41 S. E. 709, citado en Ann.
Cas. 1912 A pág. 969, se declaró que las palabras "Acme
Brewing Company" significaban una corporación porque tal
nombre no denota el de un individuo; porque por sí mismo

denota una corporación y porque es de tal carácter que es más apropiado para una corporación que para una sociedad, aunque algunas veces se forman sociedades con nombres que serían propios para corporaciones: y en el caso de *St. Cecilis Academy* v. *Hardin,* 78 Ga. 39, se dice que si el nombre es manifiestamente religioso, benéfico o educativo, u otro similar de beneficencia o para el bien público, asuntos propios para incorporación, denotará una corporación; y que existe una diferencia entre tales nombres y aquellos que indican sociedad u otros de personas naturales, que no son materia propia de corporación.

No tenemos que decidir en este caso si es buena la doctrina que en casos determinados hace a la palabra "compañía" equivalente a "corporación," pues las palabras "Armour and Company" usadas en la acusación no denotan por sí mismas que son las de una corporación.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.