The People of Puerto Rico, Plaintiff and Appellee, *v.* Juan Cardona Adams, Defendant and Appellant.

No. 8877.   Decided January 16, 1942.

*Diego E. Ramos* for appellant.   *George A. Malcolm, Attorney General* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

ON MOTION FOR REHEARING

Mr. Chief Justice Del Toro delivered the opinion of the court.

A reconsideration of the judgment rendered by us on November 14 last (*ante*, p. 480) is sought on the ground that "on the face of the complaint it does not appear whether the property alleged to have been stolen belonged to either a natural or an artificial person, or whether the latter is a corporation or a partnership, as determined by the Supreme Court of Puerto Rico in *People* v. *Matos,* 31 P.R.R. 563, cited in the aforesaid motion."

The case cited was one of embezzlement wherein the defendant was charged with having appropriated to his own use a certain sum of money belonging to "Armour and Company," without more.   The defendant filed a demurrer which was sustained by the district court.   On appeal by the district attorney, this court dismissed the appeal and in the course of its opinion said:

"For the commission of the crime charged in the information it is necessary that the property appropriated by a person should belong

to another person, natural or artificial, and that fact must be alleged in the information. If the property belongs to a corporation or partnership it must be so stated in order to make the information sufficient, although it does not allege the names of the persons composing the partnership, as held in the cases of *People* v. *Mahlman,* 82 Cal. 585; *State* v. *Mohr,* 68 Mo. 303; *Stallings* v. *State,* 29 Tex. App. 220; *Smith* v. *State,* 34 Tex. Crim. 265, and other cases cited in 18 Am. & Eng. Ann. Cases, 343. From the wording of the information we do not know, nor can the defendant know, whether the property belongs in this case to a natural or an artificial person, or whether in the latter case it is a corporation or a partnership, as it is not stated that Armour & Company is a corporation or a partnership, for although the word 'company' generally refers to a partnership, yet it does not necessarily mean a corporation or a partnership for the reason that it may be employed by an individual doing business under a trade name, as said in the case of *Keystone Pub. Co.* v. *Hill-Dryer Co.,* 55 Misc. 627, cited in 12 C.J. 221, note 76.'' *People* v. *Matos,* 31 P.R.R. 563.

We might be able to distinguish the present case from that of *Matos, supra,* for here not only mention was made in the complaint of ''M. Blanco & Co.'' but the same was referred to as ''a commercial firm.'' However, as it would always be maintained that the commercial firm was either a corporation, or a partnership, or a private person doing business under a trade name, we feel compelled to reconsider the question in order to fix the rule in this jurisdiction by either confirming or overruling the *Matos* case, *supra.*

Apart from the fact that the pronouncements in *Keystone Pub. Co.* v. *Hill-Dryer Co.,* 55 Misc. 625, 627, were made for the purpose of holding that where a judgment is rendered against a defendant under a trade name, such defendant is not guilty of contempt of court for his failure to comply with an order of the court in question entered in a supplemental proceeding after said judgment, if no notice of said proceeding has been personally served on him, it so happens that the other cases cited were criminal cases and they uphold the doctrine followed and applied by this court.

However, a more careful consideration of the question from every possible angle leads us to the conclusion that the rule as laid down is too technical and springs from the vigorous formalism of the common law, an adherence to which is no longer required for the proper administration of justice.

According to the statute, to constitute the crime of larceny, there must be a taking, with criminal intent, of personal property belonging to another.

The owners of such property might be natural or artificial persons, and the charge in the complaint that the defendant took the personal property in question "with the criminal intent to deprive the legitimate owner of the free use of the property and to convert it to his own use," and that the owner thereof was "the commercial firm of this city, owned by Sr. M. Blanco y Co.," is sufficient, even though it is not stated therein whether "Sr. M. Blanco y Co." was either a partnership, or a corporation, or an individual doing business under a trade name, because what matters is that it be a person either natural or artificial, qualified to own the stolen property, and upon this point we do not think there is any question.

"A commercial firm (*casa de comercio*)," according to the *Enciclopedia Jurídica Española,* vol. 5, p. 280, "is also something more than the establishment, warehouse or store just mentioned; it is, as we have already stated, a mercantile undertaking or business. In this sense, it is constituted by the aggregate of the things, rights, and obligations pertaining to the merchant, whether an individual or an entity, who owns the undertaking. Such things, rights or obligations, forming what the Romans called a universality, are the contributions made at the beginning of the business and appear in the first inventory-balance of the merchant, if they have not been reduced on account of loss, and those acquired in the course of time from such beginning until the moment of ascertaining the volume of business of the firm."

At the most, the complaint might be challenged as being ambiguous but not as failing to state facts sufficient to constitute the offense charged, and in such case the applicable doctrine would be the one laid down in *People* v. *Rivera,* 54 P.R.R. 346, 348, thus:

> "Therefore, in the manner in which the information is drawn up, a demurrer for not alleging an offense would not lie. What the accused should have done was to request the Court at the arraignment to order the District Attorney to make the information more specific. He did not do so and chose to go to trial without raising any objection thereby waiving his right to have the information made clear and free from ambiguity. As is said in the syllabus of the case of *People* v. *Descartes,* 51 P.R.R. 629:
>
> " 'Mere doubts in the allegations of a complaint cannot be objected to on appeal when no objection has been taken to the complaint in the lower court.' "

The case of *People* v. *Matos, supra,* must be regarded as overruled in so far as the same is in conflict with the foregoing. The motion for rehearing must be denied.

Mr. Justice Snyder took no part in the decision of this case.