EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CARDONA ADAMES, acusado y apelante.

Núm. 8877.—*Resuelto:* Enero 16, 1942.

*Diego E. Ramos,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EN MOCIÓN DE RECONSIDERACIÓN

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se solicita la reconsideración de la sentencia de noviembre 14 último (ante, pág. 479) porque "de la faz de la denuncia no se desprende si la propiedad que se dice hurtada pertenece a una persona natural o jurídica, ni si ésta es una corporación o sociedad, según lo determina la jurisprudencia sentada por este Honorable Tribunal Supremo en *Pueblo* v. *Matos,* 31 D.P.R. 594, citado en la referida moción."

Fué el caso que se invoca uno de abuso de confianza en el que se imputó al acusado haberse apropiado cierta cantidad de dinero perteneciente a "Armour and Company," sin más. El acusado formuló excepción perentoria y la corte del distrito la declaró con lugar. Apeló el Fiscal y esta Corte Suprema desestimó el recurso, diciendo en el curso de su opinión lo que sigue:

"Para que exista el delito imputado en la acusación es necesario que los bienes apropiados por una persona pertenezcan a otra persona, natural o jurídica, por lo que tal extremo debe ser alegado en la acusación; y cuando la propiedad pertenece a una corporación o sociedad, debe decirse así para que la acusación sea suficiente, aunque no alegue los nombres de las personas que forman la sociedad, según se declaró en el caso de *People* v. *Mahlman,* 82 Cal. 585; *State* v. *Mohr,* 68 Mo. 303; *Stallings* v. *State,* 29 Tex. App. 220; *Smith* v. *State,* 34 Tex. Crim. 265, y otros citados en Am. & Eng. Ann. Cases, Vol. 18 pág. 343. Por las palabras de la acusación no sabemos, ni puede saber el acusado, si la propiedad pertenece en este caso a una persona natural o jurídica, ni si ésta es una corporación o una sociedad, ya que no dice que Armour and Company sea una corporación o una sociedad, pues aunque la palabra 'compañía' denota generalmente una sociedad, sin embargo, no significa

necesariamente la existencia de una corporación o sociedad, pues puede ser usada por un individuo haciendo negocios bajo un nombre comercial, según se dijo en el caso de *Keystone Pub. Co.,* v. *Hill-Dryer Co.,* 55 Misc. 627, citado en 12 C. J. pág. 221, nota 76." *El Pueblo* v. *Matos,* 31 D.P.R. 594.

Podríamos tratar de distinguir este caso del de *Matos,* supra, ya que aquí no sólo se habló en la denuncia de "M. Blanco & Co." si que se dijo que era "una casa comercial," pero como siempre se sostendría que la denuncia era insuficiente por no alegar que la casa comercial era una corporación, una sociedad o una persona particular haciendo negocios bajo un nombre mercantil, nos vemos obligados a reestudiar la cuestión para fijar la regla en esta jurisdicción confirmando o revocando el caso de *Matos,* supra.

Aparte de que lo dicho en el caso de *Keystone Pub. Co.* v. *Hill-Dryer Co.,* 55 Misc. 625, 627, lo fué a los fines de resolver que cuando se obtiene una sentencia contra un demandado bajo un nombre comercial, el demandado no es culpable de desacato a la corte por no haber obedecido una orden de la misma dictada en procedimientos suplementarios basados en la sentencia que no le fueron personalmente notificados, es lo cierto que las otras autoridades que se citan lo fueron en casos criminales y sostienen el criterio seguido y aplicado por este tribunal.

Sin embargo, una consideración más detenida de la cuestión, estudiándola desde todos sus ángulos, nos lleva a concluir que la regla como establecida es demasiado técnica y se inspira en el formalismo riguroso de la ley común, que no precisa que subsista para que se administre debidamente la justicia.

Lo que la ley requiere para que el delito de hurto se entienda cometido es que se sustraigan, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona.

Las personas pueden ser naturales y jurídicas y expresar como se expresa en la denuncia que el acusado sustrajo los

bienes muebles de que se trata "con la intención criminal de privar a su legítimo dueño del libre goce de su propiedad para lucrarse en su propio beneficio" con indicación de que ese dueño lo era "la casa comercial de esta plaza propiedad del Sr. M. Blanco y Co." es suficiente aunque no se diga si el Sr. M. Blanco y Co. era una sociedad, una corporación o un individuo haciendo negocios bajo un nombre mercantil, porque lo importante es que sea una persona, natural o jurídica, capaz de ser dueña de los bienes muebles sustraídos, y sobre ese punto no creemos que puede existir duda alguna.

"La casa de comercio" se dice en la Enciclopedia Jurídica Española, tomo 5, pág. 280, "es también algo más que el establecimiento, almacén o tienda de que acabamos de hablar; es, como hemos dicho antes, la empresa o negociación mercantil. En tal sentido, esta casa de comercio está constituída por un conjunto de cosas, derechos y obligaciones pertenecientes al comerciante individual o social, dueño o propietario de la empresa. Estas cosas, derechos y obligaciones que forman lo que llamaron los romanos una universalidad, son los aportados al comenzar el ejercicio del comercio y constan en el primer inventario-balance del comerciante, si no han sufrido disminución por causa de las pérdidas experimentadas, y las adquiridas en el transcurso del tiempo desde aquel comienzo hasta el instante en que trate de precisarse la importancia de la casa comercial."

A lo sumo la denuncia adolecería del defecto de ambigüedad, pero no de falta de hechos suficientes para determinar la comisión del delito imputado, siendo entonces aplicable la doctrina del caso del *Pueblo* v. *Rivera,* 54 D.P.R. 363, 365, expuesta en los siguientes términos:

"Por consiguiente, no procede contra la acusación, en la forma en que está redactada, la excepción perentoria de no constituir delito público los hechos denunciados. El remedio del acusado, era al leerse la acusación, solicitar de la corte que ordenase que ésta fuese más específica. No lo hizo y optó por entrar en juicio sin hacer reparos en la acusación, renunciando así (*waiving*) su derecho a que la acu-

sación sea clara y libre de ambigüedad. Como se dice en el *syllabus* del caso de *El Pueblo* v. *Descartes*, 51 D.P.R. 649:

" 'Meras incertidumbres en las alegaciones de una acusación no pueden levantarse en apelación cuando la acusación no ha sido excepcionada en la corte inferior.' "

El caso de *El Pueblo* v. *Matos*, 31 D.P.R. 594 debe entenderse revocado en cuanto se opone a lo que dejamos expuesto. *La moción de reconsideración debe ser declarada sin lugar.*

El Juez Asociado Sr. Snyder no intervino.